Local Form 13 March 2013

**AUTHORIZATION TO RELEASE INFORMATION TO THE CHAPTER 13 TRUSTEE
REGARDING MORTGAGE CLAIM BEING PAID BY THE TRUSTEE**
(to be filed with the Court)

(___) **Not Applicable**

Debtor Name(s)   Brian David Bell                                              Case No.   17-30485

The Debtor(s) in the above captioned bankruptcy case does/do hereby authorize any and all lien holders on real property of the bankruptcy estate to release information to the standing Chapter 13 Trustee upon request.

The information to be released includes, but is not limited to, the amount of the post-petition monthly installment payments, the annual interest rate and type of loan, the loan balance, the escrow account(s), the amount of the contractual late charge, and the mailing address for payments. This information will only be used by the Chapter 13 Trustee and his/her staff in the administration of the bankruptcy estate and may be included in motions brought before the Court.

/s/ Brian David Bell
Brian David Bell
Debtor's Signature

3/28/17
Dated

## DISCLOSURE TO DEBTOR OF ATTORNEY'S FEES PROCEDURE
## FOR CHAPTER 13 CASES IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

After consultation with the undersigned attorney, you have decided to file a petition for relief under Chapter 13 of the United States Bankruptcy Code. Accordingly, you are hereby given notice that pursuant to the Local Rules of the Bankruptcy Court, the presumptive base fee for a Chapter 13 case is established at $4,500. Payment of all or part of this fee may be included in your payments to the Chapter 13 Trustee. The attorney's services included in the base fee are those normally contemplated in a Chapter 13 case. They are as follows:

(a) Providing the pre-filing notices required by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005;

(b) Preparation and filing of your petition, schedules, supplemental local forms, Chapter 13 Plan, and mailing matrix;

(c) Circulating a copy of the Chapter 13 plan to all creditors and interested parties as reflected in the case matrix and service of amended plan if appropriate;

(d) Drafting and mailing letters to you regarding your attendance at the § 341 meeting of creditors, escrow of first money, and your other responsibilities;

(e) Preparing for and attending the § 341 meeting of creditors;

(f) Reviewing the confirmation order and periodic case status reports from the Chapter 13 Trustee;

(g) Reviewing the Motion of Trustee for Determination of Status of Claims in confirmed plan;

(h) Maintaining custody and control of all case files with original documents for such periods as prescribed by law or Local Rule;

(i) Serving orders on all affected parties;

(j) Verifying your identity and social security number and furnishing to the Chapter 13 Trustee your IDs, tax returns, and payment advices, if required;

(k) Defending objections to confirmation of your Chapter 13 Plan filed by the Chapter 13 Trustee; and

(l) Preparing and filing Local Form 8 or Local Form 8HD.

The base fee shall also include the following services to the extent they are requested or reasonably necessary for your effective representation:

(a) Preparing and filing proofs of claim on your behalf for your creditors;

(b) Drafting and filing objections to scheduled and unscheduled proofs of claim;

(c) Assuming and rejecting unexpired leases and executory contracts;

(d) Preparing for and attending valuation hearings;

(e) Motions to transfer venue;

(f) Conferring with you regarding obtaining post-petition credit where no formal application is ultimately filed;

(g) Drafting motions to avoid liens pursuant to § 522(f);

(h) Calculating plan payment modifications, where no formal motion is ultimately filed;

(i) Responding to creditor contacts regarding plan terms, valuation of warranties, possible credit disability, life insurance coverage, and the like;

(l) Obtaining and providing the Chapter 13 Trustee with copies of documents relating to lien perfection issues, such as recorded deeds of trust, purchase money security agreements, and the like;

(m) Drafting and mailing letters to creditors upon entry of discharge regarding lien releases, turnover of clear title certificates, cancellation of deeds of trust and judgments, and the like;

(n) Drafting and mailing of certified letters to creditors regarding matters related to alleged violations of the automatic stay.

(j) Responding to your contacts regarding job losses, changes in your financial circumstances, address changes, and advising the Court and the Chapter 13 Trustee of the same when appropriate;

(k) Communicating with you, to a degree that is reasonable, regarding mortgage payment defaults, lease defaults, insurance coverage or the lack thereof,

collateral, claim amounts, and the like;

(o) Drafting and mailing letters regarding voluntary turnover of property.

(p) Reviewing documents in relation to the use or sale of collateral when no formal application is ultimately filed.

(q) Providing you with a list of answers to frequently asked questions and other routine communications with you during the pendency of the case.

(r) Requesting plan payoffs from the Chapter 13 Trustee.

In some Chapter 13 cases, legal services which are beyond those normally contemplated must be performed. These legal services are not covered by the base fee. These "non-base" services include the following:

(a) Abandonment of property post-confirmation;
(b) Motions for moratorium;
(c) Motions for authority to sell property;
(d) Motions to modify plan;
(e) Motions to use cash collateral or to incur debt.
(f) Defense of motions for relief from stay or co-debtor stay;
(g) Defense of motions to dismiss filed after confirmation of your plan;
(h) Stay violation litigation, including amounts paid as fees by the creditor or other parties;
(i) Post-discharge injunction actions;
(j) Adversary proceedings;
(k) Motions to turnover property;
(l) Conversions to Chapter 7;
(m) Motions to substitute collateral; and
(n) Any other matter not covered by the base fee

For such "non-base" services you will be charged on the basis of attorney's time expended at the rate of $325 per hour plus the amount of expenses incurred (such as court fees, travel, long distance telephone, photocopying, postage, etc.). Such "non-base" fees are chargeable only after the same are approved by the Bankruptcy Court. Except as set forth below, before any such fees are charged you will receive a copy of my motion filed in the Court requesting approval of any such "non-base" fees as well as a notice explaining your opportunity to object if you do not agree with the fee applied for. Any fees awarded for "non-base" services will be paid to the undersigned attorney from your payments to the Chapter 13 Trustee in the same way as payment of "base" fees. **It is possible that "non-base" fees approved by the Court may cause your payment to the Chapter 13 Trustee to be increased or the term of your Chapter 13 plan extended.** Whether or not a payment increase or an extension will be necessary depends upon the facts of your case. If a payment increase is necessary because of a court-approved "non-base" fee, the Chapter 13 Trustee will notify you of the amount of the increase.

In the Court's discretion, your attorney in a Chapter 13 proceeding may request, in open court, and without any other notice, "non-base" fees for the following services in amounts not exceeding those shown below. Without other notice, your attorney may also request [the actual expenses of filing fees and of notice to creditors.] OR [up to $1.00 for each item noticed to creditors as expense for postage, copying, and envelopes. These fees may be adjusted (increased) by the Court at a later date, and, if so, those adjusted fees will then be charged.]

| | | |
|---|---|---|
| (a) | Defense of motion to dismiss. | $200 |
| (b) | Motion to modify and order (including motion for moratorium, motion for hardship discharge, motion to approve insurance settlement, and other motions that require plan modification) | $450 |
| (c) | Substitution of collateral | $450 |
| (d) | Prosecution or defense of motion for relief from stay or co-debtor stay and order | $450 |

PAGE 2

| | | |
|---|---|---|
| (e) | Motion for authority to sell property and order | $450 |
| (f) | Motion to obtain credit | $450 |
| (g) | Permission from Chapter 13 Trustee to obtain credit (to be filed as an administrative claim) | $200 |
| (h) | Motion to continue or impose the automatic stay | $350 |
| (i) | When substitute legal counsel is retained by a Chapter 13 debtor, such substituted counsel is entitled to a presumptive base fee of $500 without formal application to the Court, provided that the order allowing substitute counsel specifies both the amount of the fee and whether the fee is paid direct by the debtor or through the plan. | |
| (j) | Preparation and filing of conduit mortgage claim with recorded deed of trust, Official Bankruptcy Form B 10A, and Local Form 14 (to be filed as an administrative claim) | $350 |
| (k) | Objection to proof of claim of a Real Property Creditor | $450 |
| (l) | Consent to an amended proof of claim in lieu of an objection to a motion to modify stay or to an amended proof of claim where the debtor has failed to make post-petition payments | $450 |
| (m) | Motion to incur debt related to the approval of a loan modification with a real property creditor | $450 |
| (n) | Motion to declare mortgage current | $450 |

## ACKNOWLEDGMENT

I hereby certify that I have read this notice and that I have received a copy of this notice.

Date  3/28/17

Signature  /s/ Brian David Bell
Brian David Bell
Debtor

I hereby certify that I have reviewed this notice with the debtor(s) and that the debtor(s) have received a copy of this notice.

Date  3/28/17

Signature  /s/ Heather W. Culp
Heather W. Culp
Attorney

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy